IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

ERIC NEWMAN, *et al.*,         )
                               )
    Plaintiffs,            )
                               )
        v.                 )    1:12cv24 (JCC/TRJ)
                               )
ADVANCED TECHNOLOGY            )
INNOVATION CORP.,              )
                               )
    Defendant.             )

**M E M O R A N D U M  O P I N I O N**

This matter is before the Court on Defendant Advanced Technology Innovation Corp.'s ("Advanced Technology" or "Defendant") Motion to Transfer Venue to the District of Massachusetts. [Dkt. 6.] For the following reasons, the Court will grant Defendant's motion.

### I. Background

This case arises out of an alleged failure to pay proper overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

    A.    <u>Factual Background</u>

Defendant Advanced Technology is a Massachusetts corporation with its principal place of business and sole office located in Walpole, Massachusetts. (Compl. [Dkt. 1] ¶ 6; Def.'s Mem. Ex. 1 [Dkt. 7-1] ("Bonnano Aff.") ¶ 3.) Plaintiff Eric

1

Newman ("Newman") is a resident of West Virginia and Plaintiff Nestor Patague ("Patague") is a resident of California. (Compl. ¶¶ 3-4.)

Advanced Technology is a national recruiting firm, which recruits and places candidates for temporary positions and projects at its clients' facilities throughout the country. (Bonnano Aff. ¶ 4.) Advanced Technology recruited Newman and Patague, both electrical design engineers, to fill two positions for its client, General Dynamics Land Services. (Compl. ¶ 1; Bonnano Aff. ¶¶ 5, 8.) Plaintiffs' employment with Advanced Technology was governed by Consulting Agreements, which each Plaintiff signed while working on a different project in California. (Def.'s Mem. [Dkt. 7] at 3; Bonnano Aff. ¶¶ 7-9, 12.)

Advanced Technology placed Newman and Patague on a project at a General Dynamics facility located in Woodbridge, Virginia. (Compl. ¶ 2; Bonnano Aff. ¶ 13.) Plaintiffs allege that Advanced Technology agreed to pay them a regular hourly rate of $60 per hour. (Compl. ¶ 22.) The $60 per hour allegedly consisted of a nominal hourly rate below $60 plus a "per diem" payment that made up the difference. (*Id*.) In other words, Plaintiffs allege that the per diem payment, when calculated on an hourly basis, plus the nominal hourly rate yield a regular hourly rate of $60 per hour. (*Id.; see also*

2

Opp. [Dkt. 11] at 2-3.) Plaintiffs also allege that the per diem payment did not reasonably approximate any expenses they incurred and varied with the number of hours they worked. (Compl. ¶¶ 23-24.) Plaintiffs contend that they were therefore entitled to $90 per hour (one and one-half times their regular hourly rate) for hours worked in excess of forty per week. (Compl. ¶¶ 17, 25.) Advanced Technology allegedly failed to pay Plaintiffs their correct overtime rate, thereby violating the FLSA. (Compl. ¶¶ 12-14, 25.)

Plaintiffs demand judgment against Advanced Technology for unpaid overtime compensation, an equal amount in liquidated damages as authorized by 29 U.S.C. § 216(b), and an additional sum for attorneys' fees and costs. (Compl. ¶¶ 34-35.) Plaintiffs also seek a declaratory judgment that Advanced Technology's acts, policies, practices, and procedures violated the FLSA and request that Advanced Technology be enjoined from further FLSA violations. (Compl. ¶¶ 32-33.)

B. Procedural History

Plaintiffs filed suit in this Court on January 9, 2012. [Dkt. 1.] On March 21, 2012, Defendant filed the instant motion. [Dkt. 6.] Plaintiffs filed their opposition on April 4, 2012 [Dkt. 11], to which Defendant replied on April 10, 2012 [Dkt. 12]. On April 13, 2012, the Court held oral argument. Defendant's motion is before the Court.

## II. Standard of Review

Section 1404(a) governs motions to transfer venue, and provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer an action lies within the sound discretion of the district court. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). In determining whether to grant a motion under Section 1404(a), the principal factors for the court's consideration are (1) the plaintiff's choice of venue, which is entitled to substantial weight; (2) the convenience of the parties and witnesses; and (3) the interest of justice, which is intended to capture all those factors unrelated to witness and party convenience. *Brown Mfg. Corp. v. Alpha Lawn & Garden Equip., Inc.*, 219 F. Supp. 2d 705, 709 (E.D. Va. 2002) (quoting *GTE Wireless v. Qualcomm*, 71 F. Supp. 2d 517, 518 (E.D. Va. 1999)). The burden is on the movant to establish that that the circumstances of the case weigh strongly in favor of transfer. *United States v. Douglas*, 626 F. Supp. 621, 626 (E.D. Va. 1985).

## III. Analysis

There are two prerequisites to the application of Section 1404(a), both of which are satisfied in this case. First, the Section applies only where venue is proper in the

transferor forum. *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Sullivant Ave. Props., LLC*, 508 F. Supp. 2d 473, 476 (E.D. Va. 2007). Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the work which provides the basis for Plaintiffs' claim was performed in this district. *See Benitez v. Braga Constr. Co., Inc.*, No. 1:11cv461, 2011 WL 5122692, at *4 (E.D. Va. Aug. 31, 2011) (finding venue proper in FLSA case where plaintiffs were employed at construction sites in the Eastern District of Virginia), *report and recommendation adopted*, 2011 WL 5122686 (E.D. Va. Sept. 19, 2011).

Second, the proposed transferee forum must be one where the suit might have been brought. *Sullivant*, 508 F. Supp. 2d at 477. It is clear that this action could have been initiated in the District of Massachusetts, as Advanced Technology is a Massachusetts corporation with its principal place of business in Walpole, Massachusetts. *See* 28 U.S.C. § 1391(b). Having determined that the two prerequisites are satisfied, the Court will proceed with an analysis under Section 1404(a) and address each of the relevant factors.

### A. Plaintiffs' Choice of Forum

A plaintiff's choice of forum is generally entitled to substantial weight. *Telepharmacy Solutions, Inc. v. Pickpoint Corp.*, 238 F. Supp. 2d 741, 743 (E.D. Va. 2003). However, "the plaintiff's choice of forum is not entitled to substantial

weight if the chosen forum is not the plaintiff's 'home forum,' and the cause of action bears little or no relation to the chosen forum." *Lycos, Inc. v. TiVo, Inc.*, 499 F. Supp. 2d 685, 692 (E.D. Va. 2007). Indeed, "[t]he level of deference to a plaintiff's forum choice 'varies with the significance of the contacts between the venue chosen by the plaintiff and the underlying cause of action.'" *Pragmatus AV, LLC v. Facebook, Inc.*, 769 F. Supp. 2d 991, 995 (E.D. Va. 2011) (quoting *Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1256 (E.D. Va. 1988)).

Here, neither Plaintiff resides in Virginia, and Plaintiffs' choice of forum is not entitled to substantial weight for that reason. However, Plaintiffs performed the work at issue in this forum. Thus, this forum bears a connection to Plaintiffs' claim, and their choice of forum will be accorded some deference. *See USA Labs, Inc. v. Bio-Engineered Supplements & Nutrition, Inc.*, No. 1:09cv47, 2009 WL 1227867, at *2 (E.D. Va. May 4, 2009) (although not in plaintiff's home forum, plaintiff's choice of forum entitled to some weight because of chosen forum's connection to asserted claim); *see also Milton v. TruePosition, Inc.*, No. C 08-3616, 2009 WL 323036, at *2 (N.D. Cal. Feb. 9, 2009) (although FLSA case was a putative class action, plaintiffs' choice of forum was entitled

to "some deference" where plaintiffs "performed much of the work at issue in [chosen forum]").

Advanced Technology argues that although Plaintiffs worked in Virginia, the key events in this case took place elsewhere -- including the execution of the Consulting Agreements, which Plaintiffs signed while working in California, and the development and implementation of Advanced Technology's compensation policies at its office in Massachusetts. (Def.'s Mem. at 6.) Insofar as Plaintiffs seek, *inter alia*, "a declaratory judgment that Defendant's acts, policies, practices, and procedures . . . violated provisions of the FLSA," (Compl. ¶ 32) and request that Defendant be "enjoined from further violations of the FLSA," (*id.* ¶ 33), Plaintiffs have put Defendant's compensation policies at issue, which strengthens the nexus this case shares with Massachusetts and diminishes the amount of deference owed to Plaintiffs' choice of forum. *See Dacar v. Saybolt, LP*, No. 7:10-CV-12-F, 2011 WL 223877, at *4 (E.D.N.C. Jan. 24, 2011) (plaintiff's choice of forum in FLSA case entitled to much less weight because plaintiff challenged defendant's compensation policies, which originated at defendant's headquarters in proposed transferee forum); *see also Earley v. BJ's Wholesale Club, Inc.*, No. 06 Civ. 3529, 2007 WL 1624757, at *2-3 (S.D.N.Y. June 4, 2007) (because plaintiff challenged defendant's overtime policies, locus of operative

facts favored transfer to Massachusetts, where defendant was headquartered). That said, a "plaintiff's choice of forum is certainly a relevant consideration so long as there is a connection between the forum and the plaintiff's claim that reasonably and logically supports the plaintiff's decision to bring the case in the chosen forum." *Samsung Elecs. Co., Ltd. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 716 (E.D. Va. 2005). And, as noted above, a connection exists between this forum and Plaintiffs' claim given that the work in question was performed here. Accordingly, Plaintiffs' choice of forum carries some weight, though substantially less than it otherwise might.

    B.    <u>Convenience of Parties and Witnesses</u>

Next, the Court considers the convenience of the parties and the witnesses of litigating in either forum. One consideration relevant to the convenience of parties factor is the ease of access to sources of proof. *See Lycos*, 499 F. Supp. 2d at 693. Advanced Technology argues that none of the relevant payroll and time records are located in Virginia and that they are located primarily in Massachusetts.[1] (Def.'s Mem. at 7.) The Court gives little weight to the location of such records since it appears they can easily be transmitted electronically.

---

[1] Plaintiffs respond that the only relevant documents in this case are their payroll stubs, which they possess and can submit electronically. (Opp. [Dkt. 11] at 7.) However, given that Plaintiffs seek a declaration that Advanced Technology's compensation policies violate the FLSA, other documents, most likely located in Massachusetts, will be relevant as well. Moreover, Advanced Technology asserts in its reply that it overpaid Plaintiffs' per diem due to a payroll error, which it contends will implicate documents such as Plaintiffs' timecards. (Reply at 4-5.)

8

*See Schrader-Bridgeport Int'l, Inc. v. Cont'l Auto. Sys. US, Inc.*, No. 6:11-cv-00014, 2012 WL 503602, at *6 (W.D. Va. Feb. 15, 2012) ("[S]ince most records and documents now can be transported easily or exist in miniaturized or electronic form, especially, for example, the ubiquitous e-mail, their location is entitled to little weight.") (quoting 15 Charles Alan Wright, *et al.*, Federal Practice and Procedure § 3853 (3d ed. 2011)). Indeed, both parties have electronically submitted a number of exhibits in connection with this motion, which they contend are relevant to the merits of Plaintiffs' claim. Although entitled to little weight, this factor nevertheless favors transfer more than it disfavors it. *See Dacar*, 2011 WL 223877, at *7 (access to sources of proof weighed slightly in favor of transferring FLSA case to Texas, because defendant's headquarters in Houston was the single most likely source of relevant documents).

Turning to the convenience of witnesses, this is often the dispositive factor in deciding transfer motions, *Baylor Heating*, 702 F. Supp. at 1258, but "[t]he convenience of non-party witnesses should be afforded greater weight." *Samsung*, 386 F. Supp. 2d at 718 (citation omitted). The convenience of non-party witnesses is a non-factor in this case. According to Advanced Technology, the most likely non-party witnesses are located in Michigan. (Def.'s Mem. at 8.) The District of Massachusetts would not be any more convenient for these

9

witnesses than this forum, nor would transfer subject them to the transferee forum's subpoena power.  *See* Fed. R. Civ. P. 45(b)(2) (permitting a district court to subpoena any witness within one hundred miles of the trial, deposition, or hearing).  Thus, the convenience of non-party witnesses weighs neither for nor against transfer.

As for party witnesses, Advanced Technology cites eight of its employees as potential witnesses, at least six of whom it asserts would be necessary.  Each of these employees resides in Massachusetts and, according to Advanced Technology, will be inconvenienced were the case to proceed in this forum.  "The party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of the evidence and the degree of inconvenience."  *Koh v. Microtek, Int'l, Inc.*, 250 F. Supp. 2d 627, 636 (E.D. Va. 2003).  "[G]reater weight should be accorded inconvenience to witnesses whose testimony is central to a claim and whose credibility is also likely to be an important issue."  *Baylor Heating*, 702 F. Supp. at 1258.  That said, there is a "tension in transfer motions between the duty to file such motions early in the action and the need to support that motion with affidavits identifying witnesses and the materiality of their testimony, information which may not be

known until later in the case." *Koh*, 250 F. Supp. 2d. at 636 (internal quotation marks omitted). Given this tension, "[i]t is permissible to infer, absent any contrary evidence from the non-movant, that witnesses involved in the event in controversy are material." *Case v. Miller*, No. 3:09cv430-HEH, 2009 WL 2762606, at *3 (E.D. Va. Aug. 27, 2009) (internal quotation marks omitted).

Advanced Technology's description of the testimony to be offered by its employees is sufficiently detailed that the inconvenience to those witnesses of litigating in this forum will be assigned substantial weight. According to Advanced Technology, its employees will provide testimony (1) rebutting Plaintiffs' allegation that it agreed to pay them $60 per hour; (2) regarding a payroll error which rebuts Plaintiffs' contention that the paystubs are the only valid indicators of their regular rates of pay; (3) interpreting the timecards and describing the calculations of alleged overpayments; (4) regarding the prevailing rate for design engineers in the relevant area; (5) regarding expenses incurred or likely to have been incurred by Plaintiffs while on temporary assignments; (6) rebutting the allegation of willfulness and asserting good faith in order to negate liquidated damages; (7) regarding General Dynamics' timekeeping and reporting system; and (8) disputing whether Defendant is an employer within the meaning of the FLSA.

(Reply [Dkt. 12] at 7-10; *see generally* Reply Ex. D [Dkt. 12-4] ("Supp. Bonnano Aff.").)

Plaintiffs dispute the materiality of this proposed testimony. They argue that the sole issue in this case is whether their per diem payments fluctuated and should have been included in the regular rate of pay.[2] (Opp. [Dkt. 11] at 6.) However, Plaintiffs oversimplify this case and sidestep a number of issues that Advanced Technology disputes. In fact, the Complaint itself raises additional issues ignored by Plaintiffs, such as whether Defendant's alleged violation of the FLSA was willful. (*See* Compl. ¶¶ 15-18.) Moreover, in its reply brief Advanced Technology claims that its payroll department erred and overpaid Plaintiffs' per diem, (Reply at 4-5), an issue which will necessitate witness testimony and which may be considered in connection with this motion. *Cf. In re Volkswagen AG*, 371 F.3d 201, 204 (5th Cir. 2004) (holding that there is nothing in Section 1404(a) which limits the application of the terms "parties" and "witnesses" to those involved in the original complaint and that parties and witnesses as to all claims and

---

[2] Plaintiffs cite *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036 (5th Cir. 2010), in support of this proposition. *Gagnon* itself however indicates that additional evidence will be relevant in determining whether the per diem payments should be included in Plaintiffs' regular rate of pay. For example, the court in *Gagnon* noted the following: (1) that the employment agreement expressly stated that the per diem would be paid hourly; (2) that the plaintiff's "straight time" rate was far below the prevailing wage for similar employees in the locality; (3) that the combined "straight time" and "per diem" rates approximately matched the prevailing wage; and (4) that the employer effectuated a pay raise by increasing the per diem. *Id.* at 1041. In addition, the court examined whether the FLSA violation was willful and addressed an offset sought by the defendant. *Id.* at 1042-43.

12

controversies properly joined in a proceeding may be considered). In short, Advanced Technology has adequately demonstrated that the testimony of its employee witnesses is material and non-cumulative, and that these witnesses would be inconvenienced by litigating in this forum.

Plaintiffs plan to call just two witnesses -- themselves. They concede that litigating in Massachusetts would be no more inconvenient for Patague, who resides in California, than litigating in this forum. They argue that Massachusetts would be a more inconvenient forum, however, for Newman, who resides in West Virginia. Specifically, litigating in this forum would require a two-hour drive from Newman's residence in West Virginia, whereas he would have to travel by plane were this case transferred to Massachusetts. Given the two-hour drive between Newman's residence and this forum, the Eastern District of Virginia is not especially convenient for Newman -- particularly when compared to the convenience to Advanced Technology's employee witnesses if this case were to proceed in their home state. Therefore, transfer would not, as Plaintiffs suggest, merely effect an improper shift in inconvenience between the parties. In sum, the inconvenience to Advanced Technology's employee witnesses strongly supports transfer and will be assigned substantial weight.

C. The Interest of Justice

The interest of justice factor includes such considerations as the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties, and the possibility of harassment. *Pragmatus*, 769 F. Supp. 2d at 996. In arguing that the interest of justice factor weighs in favor of transfer, Advanced Technology points to a forum selection and choice of law clause in the Consulting Agreements. (Def.'s Mem. at 9.) The Supreme Court has held that the presence of a forum selection clause is "a significant factor that figures centrally in the district court's [Section 1404] calculus." *Stewart,* 487 U.S. at 29. The clause at issue reads as follows: "Both parties agree to deal fairly and in good faith under this agreement, and Massachusetts shall have full authority and jurisdiction over all parties to and matters regarding the same. This agreement shall be interpreted under Massachusetts law." (*See* Answer Ex. A [Dkt. 4-1].) Advanced Technology does not contend that this clause is mandatory, but argues that Massachusetts is a "venue contemplated by the parties," which should weigh in favor of transfer. (Def.'s Mem. at 9.) The fact that the forum selection clause is permissive entitles this factor to less weight than it would otherwise be due, but nevertheless favors

14

transfer.  *See Allfirst Bank v. Progress Rail Servs. Corp.*, 178 F. Supp. 2d 513, 518 (D. Md. 2001) ("Even though an exclusive forum selection clause is not involved in a case, the parties' implied agreement that a particular venue would be a convenient forum favors a transfer.")

Plaintiffs argue that the Consulting Agreements are not relevant in this case, and that the forum selection clause should not figure into the Court's analysis.  (Opp. at 7-8.)  However, the forum selection clause contains broad language, providing that it applies to "all parties to and matters *regarding* [the Consulting Agreements]."  (*See* Answer Ex. A (emphasis added).)  This would encompass rate of pay, which is set forth in the Consulting Agreements and central to Plaintiffs' FLSA claim.  *See Ruifrok v. White Glove Rest. Servs., LLC*, No. DKC 10-2111, 2010 WL 4103685, at *6 (D. Md. Oct. 18, 2010) (finding broad choice of forum clause in employment agreement applicable to plaintiff's FLSA claim and remanding case to state court).  Indeed, Plaintiffs put the Consulting Agreements at issue by alleging that Defendant agreed to pay them a "regular rate" of $60 per hour despite contractual language that suggests the contrary.  (Compl. ¶ 22.)  Thus, although the forum selection clause is assigned less weight due to its permissive nature, it is relevant and will be afforded some weight in favor of transfer.

The choice of law clause, however, will not be given weight. Plaintiffs' sole claim arises under the FLSA. While state-law sub-issues could potentially arise, this does not weigh in favor of transfer. See *Farrior v George Weston Bakeries Distrib., Inc.*, No. 08-CV-2705, 2009 WL 113774, at *8 n.6 (E.D.N.Y Jan. 15, 2009) (given the application of federal law in FLSA case, choice of law clause "not a significant factor even assuming *arguenduo* sub-issues involving state law could arise"). And, although Advanced Technology represents that it will assert a counterclaim based on the alleged overpayment of Plaintiffs' per diem, which will ostensibly arise under state law, federal courts are deemed fully capable of applying the law of other states. *See Reynolds Foil Inc. v. Pai,* No. 3:09CV657, 2010 WL 1225620, at *9 (E.D. Va. Mar. 25, 2010) (denying the defendant's motion to transfer even though the court might be required to apply a foreign state's laws, and observing that "federal courts are regularly called upon to apply the law of other states"). Thus, the choice of law clause is neutral.

Advanced Technology raises two additional arguments with respect to the interest of justice factor, which the Court will briefly address. First, Advanced Technology contends that Plaintiffs' selection of this forum is suggestive of forum shopping. (Def.'s Mem. at 9-10.) The Court disagrees, given the connection between Plaintiffs' claim and this forum

discussed in Section III.A, *supra*.  Second, Advanced Technology points out that Plaintiffs request an injunction against further violations of the FLSA and a declaration that Advanced Technology's compensation policies violate the FLSA.  (Def.'s Mem. at 10.)  According to Advanced Technology, this weighs in favor of transfer because, to the extent Advanced Technology's compensation policies prove relevant, a court in Massachusetts would be in a better position to review such policies and enforce such an injunction.  Because Plaintiffs challenge Advanced Technology's policies in this way, the scope of this action does extend beyond the local events surrounding Plaintiffs' employment in Virginia.[3]  However, the Court has already considered this in weighing Plaintiffs' choice of forum (which is thereby entitled to less deference), *see* Section III.A, *supra*, and need not do so again here.

The arguments raised by Plaintiffs with respect to the interest of justice factor are unavailing.  First, Plaintiffs argue that docket conditions weigh against transfer because the Eastern District of Virginia on average provides a speedier trial than most other jurisdictions. (Opp. at 9.)  However, Plaintiffs fail to offer any statistics demonstrating that the Eastern District of Virginia in fact provides a speedier trial than the District of Massachusetts.  *Compare Heinz Kettler GMBH*

---

[3] As such, this is not a purely local controversy as Plaintiffs suggest. (Opp. at 9.)

*& Co. v. Razor USA, LLC*, 750 F. Supp. 2d 660, 670 n.10 (E.D. Va. 2010) (analyzing median time from filing to disposition for civil matters in the Eastern District of Virginia and the proposed transferee forum). Without such statistics, the Court will not assign any weight to docket conditions, which, in any event, is not a significant factor. *Id.* at 670.

Second, Plaintiffs contend that the interest of justice factor favors retention of this case because its FLSA claim arose here. (Opp. at 9.) But because Plaintiffs challenge Advanced Technology's compensation policies, the locus of operative facts shifts somewhat to Massachusetts, where Advanced Technology is headquartered. *See* Section III.A, *supra*. Plaintiffs also argue that Advanced Technology reached out and made contact with Virginia and should have foreseen the possibility of facing litigation here. (Opp. at 9-10.) This argument, however, invokes the minimum contacts analysis applicable to personal jurisdiction, which Advanced Technology does not contest. *See Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal.*, 480 U.S. 102, 119-10 (1987) (the constitutional test for personal jurisdiction asks whether defendant, by its own act, established "minimum contacts" in the forum state by availing itself of the privilege of conducting activities within that state). Because venue and jurisdiction are distinct concepts, *see* Am. Jur. 2d Venue § 2, the fact that Defendant

18

transacted business in this forum will not be assigned any weight vis-à-vis the interest of justice factor.

## IV. Conclusion

After weighing the relevant Section 1404 factors, the Court concludes that transfer is warranted in this case. Plaintiffs are not residents of Virginia, substantially reducing the level of deference owed to their choice of forum. No witnesses reside in Virginia, whereas Advanced Technology's employee witnesses are located in Massachusetts. The convenience of witnesses therefore strongly supports transfer. Moreover, the ease of access to sources of proof and the permissive choice of forum clause in Plaintiffs' Consulting Agreements weigh slightly in favor of transfer. For these reasons, the Court will grant Defendant's motion.

An appropriate Order will issue.

April 20, 2012  
Alexandria, Virginia

/s/  
James C. Cacheris  
UNITED STATES DISTRICT COURT JUDGE